No. 80-422

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN THE MATTER OF THE ADOPTION
OF T.G.K. and J.P.K.

Appeal from:   District Court of the Second Judicial District,
               In and for the County of Silver Bow.
               Honorable James Freebourn, Judge presiding.

Counsel of Record:

     For Appellant:

          Patrick F. Flaherty, Boulder, Montana

     For Respondent:

          Jardine, McCarthy & Grauman, Whitehall, Montana

                         Submitted on briefs: May 15, 1981

                                   Decided:   JUL 2 1981

Filed:  JUL 2 - 1981


          Thomas J. Kearney
     _____
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On July 17, 1979, appellant filed a petition for the adoption of his stepchildren, TGK, age 10, and JPK, age 9. Upon filing the petition appellant also filed an affidavit of his wife, the children's natural mother, attesting to her marriage to the appellant in October 1974 and consenting to the adoption.

Written consent to the adoption was not obtained from the natural father, respondent herein, but appellant alleged in his petition that it was not necessary by reason of the fact that the father had failed to "provide for the support of the children for the period of one year last past before the filing of this petition, and that he has abandoned said children." Respondent filed an objection to the petition seeking its dismissal.

A hearing on the petition was held in the Silver Bow County District Court, the Honorable James Freebourn presiding, on July 1, 1980. During the hearing, testimony was presented showing that the children's natural mother and respondent had dissolved their marriage in April 1974. In accordance with this dissolution the mother was awarded custody of the two children and respondent was ordered to pay $200 per month child support. Respondent has failed to pay the court-ordered support since 1977 but has on occasion bought clothes and toys for the children as well as giving them small cash gifts. As a result of respondent's failure to pay the child support, the natural mother has been receiving aid to dependent children (ADC) assistance since October 1977.

The record further shows that during 1977 respondent

was unemployed and receiving unemployment insurance. Respondent supplemented this income by making and selling wooden furniture. During 1978 respondent worked in Wyoming on an oil rig for approximately four months earning $800 a month. Respondent continued to make use of his furniture-making abilities in 1978 and 1979 as a source of income while living rent free with his girlfriend. On June 27, 1979, respondent began serving a ten-year sentence in the Montana State Prison for armed robbery. While in prison respondent earns $1.00 a day.

Following the hearing on the matter, the District Court entered an order on September 12, 1980, dismissing appellant's petition. As grounds for the dismissal, the trial judge concluded that appellant had failed to obtain a written consent to the adoption by the natural mother and father as required by section 40-8-111, MCA.

Appellant appeals the order of the District Court first contending that the affidavit of his wife filed with his petition is sufficient to satisfy the requirement that consent to the adoption be obtained from the natural mother. Respondent, as well as this Court, agrees with this argument, and, thus, we need not discuss it further.

Appellant next contends that the court erred in requiring that consent be obtained from the natural father. In support of this contention, appellant cites section 40-8-111(1)(a)(v), MCA, which provides:

> "Consent required for adoption. (1) An adoption of a child may be decreed when there have been filed written consents to adoption executed by:
>
> "(a) both parents, if living, or the surviving parent of a child, provided that consent is not required from a father or

-3-

mother:

". . .

"(v) if it is proven to the satisfaction of
the court that the father or mother, if able,
has not contributed to the support of the
child during a period of 1 year before the
filing of a petition for adoption;"

The burden on the appellant under this statutory
exception to consent is clear. It is essential he prove
that the natural father was able and failed to give support
during a period of one year before the filing of the
petition. In Re Adoption of Biery (1974), 164 Mont. 353,
522 P.2d 1377. This, we find, appellant has failed to do.

As indicated by the statute, the period of time to be
examined is the year prior to the filing of the petition and
not merely any one-year period, as submitted by appellant.
During this period, from July 1978 to July 1979, the
evidence indicates that the natural father's source of
income was the selling of handmade wooden furniture. How
much of an income was derived from this nature is absent
from the record. The natural father was also employed on an
oil rig for four months in 1978. The record, however, does
not indicate what four months the father worked. Thus, it
is possible that this employment was not during the period
in question. For the remainder of the period, from June 27
to July 17, 1979, the father was residing in the State
Prison earning $1.00 a day.

Upon reviewing the evidence as presented, we find it
does not adequately establish respondent's ability to
provide support during the year prior to the filing of the
petition. We must, therefore, affirm the District Court's
rejection of appellant's application of this statutory

-4-

exception to consent.

As an additional basis for excusing the requirement that consent to the adoption be obtained from the natural father, appellant, in his petition, asserted abandonment by the father. See section 40-8-111(1)(a)(iii), MCA. An examination of the record, however, reveals numerous occasions when respondent exercised his visitation rights with his children. As a result, it cannot be said that abandonment should play a decisive role in resolving the adequacy of appellant's petition.

Appellant further argues that consent is not necessary in this case pursuant to section 40-8-111(1)(a)(ii), MCA, because the father has been guilty of cruelty and neglect. In rejecting this contention we point out that the cited statutory exception to consent is only applied to a parent "who has been judicially deprived of custody . . . on account of cruelty and neglect." Here, there has been no showing that the natural father was denied custody of his children, or his parental rights terminated, for reasons of cruelty or neglect in a prior judicial proceeding.

Appellant's final argument concerning the propriety of the District Court's order of dismissal for failing to obtain the natural father's consent is that consent is not necessary pursuant to section 40-8-111(1)(a)(iv), MCA. This section provides that consent to adoption is not required of a parent,

> "(iv) who has caused the child to be maintained by any public or private children's institution, charitable agency, or any licensed adoption agency or the department of social and rehabilitation services of the state of Montana for a period

of 1 year without contributing to the support of the child during said period, if able".

We acknowledge this contention but note that it was not set forth in appellant's petition as grounds for excusing the consent requirement. Consequently, although some evidence was presented at trial concerning the matter, the District Court properly did not consider the argument in resolving this dispute at the trial court level. If the appellant wishes to use this statutory exception to consent, the petition should be drafted on that basis and a specific hearing held thereon to determine its applicability. For this reason we find no error by the District Court in dismissing the petition as filed but must reserve ruling on the merits of the above contention and conclude that the decision herein is to issue without prejudice to refiling the petition on this asserted basis.

Appellant at the conclusion of his brief argues that the District Court abused its discretion in failing to interview the children in chambers to determine their position as to the adoption. We summarily reject this contention, finding it raised for the first time on appeal. Furthermore, the fact that an interview was not conducted is of no consequence to this action which was dismissed due to appellant's failure to obtain the natural father's consent, thereby precluding decision on whether the adoption will be in the best interest of the children.

The order of the District Court dismissing the petition is affirmed.

Justice

-6-

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices