# FILED

SEP 01 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

No. 93-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

---

IN RE THE MATTER OF
THE ADOPTION OF S.P.M.

---

APPEAL FROM:  District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark P. Yeshe, Attorney at Law, Helena,
Montana

For Respondent:

Deirdre Caughlan; Dunlap & Caughlan, Butte,
Montana

---

Submitted on Briefs: July 12, 1994

Decided: September 1, 1994

Filed:



Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant J.M. appeals dismissal by the Third Judicial District Court, Powell County, of her petition for adoption of her husband's natural child, S.P.M. We affirm.

The sole issue on appeal is whether the District Court erred when it held that a parent's consent to adoption was required under a specific set of circumstances.

S.P.M. was born to R.M. and M.S. on July 21, 1986. R.M. and M.S. divorced in April 1987, while living in Libby, Montana. The dissolution decree provided for joint custody, with each parent having physical custody of S.P.M. for one month, on an alternating monthly basis, and that R.M. would pay $125 per month in child support during the months M.S. had physical custody of S.P.M.

In the spring of 1988, R.M. moved to Aberdeen, Washington and the physical custody agreement continued. By mid-1988, R.M. was living with J.M. (Appellant) in Aberdeen and M.S. was living with J.S. When R.M. picked up S.P.M. in November, he alleges he observed bruises on S.P.M.'s arms and back which led him to believe S.P.M. had been abused by J.S. R.M. filed a petition and affidavit with the District Court, Powell County, Montana, claiming S.P.M. was abused and requested custody of S.P.M. On December 29, 1988 Judge Arnold Olsen issued an ex parte order causing S.P.M.'s placement with R.M. until an investigation could be completed.

On January 17, 1989, Terri Waldorf of Montana Department of Family Services filed a report concluding that R.M.'s allegation that S.P.M. was abused by J.S. was true. Waldorf recommended that

2

R.M. be granted sole custody of S.P.M. with M.S. given conditional visitation rights. No evidentiary hearing on the matter was held nor has there been any modification of the original decree's joint custody and month-by-month schedule. M.S. had not seen S.P.M. since December 29, 1988.

When M.S. learned that R.M., Appellant, and S.P.M. moved from Aberdeen to Deer Lodge, Montana, she filed a petition for custody and visitation determination on July 2, 1992. Appellant petitioned to adopt S.P.M. on August 11, 1992. Both parties testified extensively about the contacts between the parties, family members, and friends between December 1988 and July 1992. In addition to Aberdeen, Washington, R.M. lived in Troy, Missoula, and Deer Lodge, Montana. R.M. left forwarding addresses whenever he moved.

M.S. was generally poor and required public assistance in various forms, and suffered from emotional or stress related problems (the causes of which were not determined). The District Court concluded that between December 1988 and July 1992, M.S.'s efforts to contact or visit S.P.M. were minimal and that R.M. made little or no effort to facilitate contact between S.P.M. and M.S.

The District Court dismissed, concluding that Appellant did not meet her burden of proving that M.S. abandoned S.P.M. by any of the three theories advanced: Appellant's claims involved M.S.'s failure to support S.P.M., that M.S. was judicially deprived of S.P.M.'s custody because of neglect (as a result of the December 29, 1988 order), and that M.S. abandoned S.P.M.

The district court hearing testimony is in the best position to determine the outcome of the controversy and this Court will not

3

disturb its findings unless there is a mistake of law or a finding of fact not supported by substantial, credible evidence. In re A.E. (1992), 255 Mont. 56, 59, 840 P.2d 572, 574-5. Petitioner has the burden of proof for theories of abandonment advanced. See Matter of Adoption of S.L.R. (1982), 196 Mont. 411, 640 P.2d 886. This Court has consistently held that "[p]arental rights involve a fundamental liberty interest, and a judicial decree terminating such rights must be supported by clear and convincing evidence." See, e.g. Matter of Adoption of R.M. (1990), 241 Mont. 111, 115, 785 P.2d 709, 711.

Appellant argues that M.S.'s consent was not required because Montana's adoption statute does not require consent under all circumstances. Appellant proposes three theories why M.S.'s consent is not required to adopt S.P.M.

First, Appellant argues consent is not required from a parent "who has been judicially deprived of the custody of the child on account of cruelty or neglect toward the child; . . . ." Section 40-8-111(1)(a)(ii), MCA. There has not been a prior judicial proceeding concluding that M.S. was denied custody of her children or had her parental rights terminated for reasons of cruelty or neglect. The determination of neglect necessitates a proceeding separate from the consent for adoption hearing. We have held that "[t]he issues to be tried in a controversy over the termination of parental rights, i.e., the degree of unfitness of a parent, are quite different than the inquiry properly before the adoption court. The two should not be mixed. . . ." Brost v. Glasgow (1982), 200 Mont. 194, 202, 651 P.2d 32, 36; citing Commissioners'

4

Note for § 40-8-111, MCA. The Department of Family Services hearing in this case was not sufficient to constitute a proceeding determining cruelty, neglect, or termination of parental rights. Additionally, M.S.'s failure to pursue her legal remedies does not excuse the inadequate procedure used to take S.P.M. from her and does not support the necessary finding by clear and convincing evidence.

Second, Appellant argues consent is not required from a parent "who has . . . willfully abandoned the child, as defined in 41-3-102(8)(d)." Section 40-8-111(1)(a)(iii), MCA. Abandonment occurs when a parent:

> abandons the child by leaving the child under circumstances that make reasonable the belief that the parent or other person does not intend to resume care of the child in the future or by willfully surrendering physical custody for a period of 6 months and during that period does not manifest to the child and the person having physical custody of the child a firm intention to resume physical custody or to make permanent legal arrangements for the care of the child . . . .

Section 41-3-102(8)(d), MCA. We have previously clarified that the six-month requirement applies only to the willful surrender of physical custody. In re A.E., 840 P.2d at 575. M.S. did not willfully surrender physical custody of S.P.M.; S.P.M. was removed by court order in December 1988. M.S.'s failure to pursue legal remedies to gain custody of S.P.M. after the 1988 court order does not clearly and convincingly fail to meet the statutory standard. M.S. manifested her intent to pursue S.P.M.'s custody as soon as she learned he was in Montana. We conclude that the number of contacts, or even attempted contacts, alone is not sufficient to establish abandonment. Specific circumstances must be viewed as a

5

whole. The facts of this case do not support a finding that M.S. abandoned S.P.M.

Third, Appellant argues consent is not required from a parent if it is proven to the satisfaction of the court that the parent, if able, has not contributed to the support of the child during a period of one year before filing a petition for adoption. Section 40-8-111(1)(a)(v), MCA. We have held that a parent with no physical or mental impairment and possessed of skills to earn an income, was capable of making child support payments. Adoption of S.L.R., 640 P.2d at 888. In contrast, here the District Court's findings support that M.S. was not capable of financially contributing to S.P.M.'s support and care. Unlike Adoption of S.L.R., the District Court concluded that M.S.'s case is not one where M.S. had money but chose not to support her son. The record as presented does not adequately establish M.S.'s ability to provide support during the year prior to Appellant's adoption petition. See Matter of Adoption of T.G.K. (1981), 193 Mont. 139, 142, 630 P.2d 740, 742. That M.S. was not in contact with S.P.M., and did not exercise every mechanism of pursuing contact with him is not material in this context.

We hold that Appellant did not meet her burden of proof on the three issues raised. Accordingly, we affirm the District Court's order to dismiss.

_John Conway Harrison_
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September 1, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Mark P. Yeshe
Attorney at Law
P.O. Box 483
Helena, MT 59624

Deirdre Caughlan
DUNLAP & CAUGHLAN
27 West Broadway
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _Gallagher_
Deputy