No. 01-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 217N

IN THE MATTER OF THE ADOPTION OF
A.J.R. and M.A.B.,

     Minor Children.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and for the County of Cascade,
                      The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Kenneth R. Olson, Attorney at Law, Great Falls, Montana

     For Respondent:

          (No Respondent's brief filed)

Submitted on Briefs:  April 18, 2002

Decided:    September 24, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Darran B. (Darran) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its findings of fact, conclusions of law and order terminating his parental rights to his children, A.J.R. and M.A.B., and granting the petition for adoption filed by Justin D. (Justin). We reverse and remand with instructions.

¶3 We restate the issue on appeal as whether the District Court erred in terminating Darran's parental rights pursuant to § 42-2-608(1)(c), MCA.

## BACKGROUND

¶4 Darran and Tammy D. (Tammy) were married in 1990 and have two sons, A.J.R. and M.A.B. Darran and Tammy's marriage was dissolved in August of 1998. Pursuant to the Stipulated Parenting Plan, incorporated by reference into the dissolution decree, Tammy was designated sole primary residential custodian of the two children and Darran was given supervised visitation rights. The decree

required Darran to pay $189 per month per child in child support, for a total of $378 per month.

¶5 In July of 1999, Tammy married Justin. Later that month, Justin petitioned the District Court to terminate Darran's parental rights to A.J.R. and M.A.B., and allow Justin to adopt the children. The petition alleged that Darran's parental rights should be terminated pursuant to § 42-2-608(1)(c), MCA, on the basis that he was unfit because he had not paid child support for an aggregate period of one year prior to the filing of the petition although he was able to do so. In December of 1999, Justin filed an amended petition, again alleging that Darran's parental rights should be terminated because he had failed to pay child support for an aggregate one-year period although able to do so and more specifically alleging the child support amounts Darran had paid and the amount he still owed. Justin subsequently filed a second amended petition reiterating the allegations of the first two petitions and adding allegations that Darran's parental rights should be terminated on the additional bases set forth in §§ 42-2-608(1)(d), -608(1)(g), -608(1)(h) and 42-2-610, MCA. Darran opposed all of Justin's petitions.

¶6 In April of 2001, the District Court held a hearing on the petition for termination of parental rights and adoption. The court subsequently entered its findings of fact, conclusions of law and order in which it found that Darran was unfit, Justin was a fit and proper parent, and it would be in the children's best interests to allow him to adopt them. Based on its findings and conclusions,

3

the court terminated Darran's parental rights and granted Justin's petition for adoption. Darran appeals.

STANDARD OF REVIEW

¶7 In an adoption case, we review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. In re Adoption of C.R.N., 1999 MT 92, ¶ 7, 294 Mont. 202, ¶ 7, 979 P.2d 210, ¶ 7.

DISCUSSION

¶8 Did the District Court err in terminating Darran's parental rights pursuant to § 42-2-608(1)(c), MCA?

¶9 Generally, a child may not be adopted without the written consents of both birth parents. See § 42-2-301, MCA. However, consent to adoption is not required from a parent whose parental relationship to the child has been judicially terminated. Section 42-2-302(1), MCA. A parent's parental relationship to a child may be judicially terminated by a variety of means, including the granting of a petition for termination based on a court's determination that the parent is unfit. See §§ 42-2-607(2) and -608, MCA. The termination of parental rights involves a fundamental liberty interest and, consequently, a court's decision to terminate must be supported by clear and convincing evidence. Matter of Adoption of Doe (1996), 277 Mont. 251, 255, 921 P.2d 875, 878 (citations omitted).

4

¶10 Justin's petition requested that the District Court terminate Darran's parental rights based on parental unfitness and asserted that, if Darran's parental rights were terminated, his consent to the adoption was not required pursuant to § 42-2-302(1), MCA. The District Court agreed. The court concluded that Darran's parental rights should be terminated and, as a result, his consent to his children's adoption by Justin was not required. Darran contends that the District Court's finding relating to his parental unfitness under § 42-2-608(1)(c), MCA, based on his ability to contribute to the support of his children and failure to do so for an aggregate period of one year before Justin's second amended petition was filed, is clearly erroneous and, consequently, its conclusion that his parental rights should be terminated on that basis is incorrect. Justin did not respond.

¶11 Section 42-2-608(1), MCA, provides that

> [t]he court may terminate parental rights for purposes of making a child available for adoption on the grounds of unfitness if:
>
> . . . .
>
> (c) it is proven to the satisfaction of the court that the parent, if able, has not contributed to the support of the child for an aggregate period of 1 year before the filing of a petition for adoption . . . .

This statute was enacted in 1997 as part of a general revision and recodification of Montana's adoption statutes. See 1997 Mont. Laws Ch. 480, Sec. 71. Darran has not cited to--and we have not found--any case law interpreting § 42-2-608(1)(c), MCA. Prior to 1997, however, § 40-8-111(1)(a)(v), MCA (1995), provided that parental consent to an adoption was not required where "it is proved to the

5

satisfaction of the court that the father or mother, if able, has not contributed to the support of the child during a period of 1 year before the filing of a petition . . . ." The language in that statute is substantially similar to the language now contained in § 42-2-608(1)(c), MCA, and we conclude our case law interpreting § 40-8-111(1)(a)(v), MCA (1995), properly may be applied to § 42-2-608(1)(c), MCA.

¶12 In that regard, we have held that a petitioner in an adoption case seeking to prove that a natural parent's consent is not required on the basis of failure to support the child bears a two-fold burden. The petitioner must establish to the trial court's satisfaction both the natural parent's failure to provide financial support for the child during the one-year period prior to the filing of the petition and the parent's financial ability to provide such support. Adoption of C.R.N., ¶ 9 (citing Adoption of Doe, 277 Mont. at 259, 921 P.2d at 880). Here, Darran contends the evidence at the hearing was insufficient to support the District Court's findings that both of the § 42-2-608(1)(c), MCA, requirements were met. Because we conclude the District Court's finding that Darran was able to provide support to his children was clearly erroneous, we need not address the additional one-year time period requirement contained in § 42-2-608(1)(c), MCA.

¶13 In determining a natural parent's financial ability to contribute to a child's support, a district court must address several factors including 1) the parent's ability to earn an income; 2) the parent's willingness to earn an income and support

6

the child; 3) the availability of jobs; and 4) the parent's use of his or her funds to obtain only the bare necessities of life before contributing to the support of the child.  Adoption of C.R.N., ¶ 15 (citing Adoption of Doe, 277 Mont. at 259, 921 P.2d at 880); In re Adoption of V.R.O. (1991), 250 Mont. 517, 520-21, 822 P.2d 83, 85.

 The District Court's findings of fact relating to Darran's ability to support his children state, in their entirety, as follows:

> Darran owns and operates a painting business which includes doing custom painting and construction painting.  At no time since the divorce did he suffer any physical or health problem which precluded him from pursuing that business.  Darran testified that his work was somewhat seasonal, that he "pays when can" [sic] and "supported kids whether could or not" [sic].  The Court finds that Darran "was able" to make the required child support payments as required for the period July 1, 1998 to June 21, 2000 and to the present.

These findings of fact clearly address the first and second criteria set forth in the cases cited above:  Darran's ability to earn an income and his willingness to work to support his children. ¶14  The District Court, however, failed to address the remaining criteria:  whether there are sufficient jobs available in Darran's seasonal employment as a painter to provide an income adequate to provide support to his children and whether Darran uses his income to obtain only the bare necessities of life before providing for the support of his children.  Absent findings relating to these criteria, the District Court's findings of fact, as a whole, are insufficient as a matter of law to support its ultimate finding that Darran "was able" to provide support to his children as contemplated by § 42-2-608(1)(c), MCA.  See Adoption of V.R.O., 250 Mont. at 522, 822 P.2d at 86.  Moreover, no evidence of record

7

before us establishes the availability of painting jobs or the amount of Darran's income and the manner in which he spent it and, consequently, no substantial credible-much less clear and convincing-evidence exists of record which could have supported such findings had they been made.

¶15  We conclude that, while the findings of fact made by the District Court relating to Darran's employment status are not clearly erroneous, its findings were insufficient under Adoption of C.R.N. and Adoption of V.R.O. to support its ultimate finding that Darran "was able" to provide support to his children.  As a result, we further conclude the court's finding of fact that Darran is an unfit parent pursuant to § 42-2-608(1)(c), MCA, is clearly erroneous and its conclusion that his parental rights should be terminated on that basis is incorrect.  We hold, therefore, that the District Court erred in terminating Darran's parental rights pursuant to § 42-2-608(1)(c), MCA.

¶16  Reversed and remanded for entry of an order vacating the termination of Darran's parental rights and the grant of Justin's adoption petition.


/S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER


8

Justice W. William Leaphart dissenting.

¶17 I dissent. Darran challenges the District Court's conclusion that he was an unfit parent under § 42-2-608(1)(c), MCA, based on his ability to contribute to the support of his children and his failure to do so for an aggregate period of one year before Justin's second amended petition was filed. This Court reverses the District Court for its failure to fully address the statutory requirement that he be found "able" to support; in particular, failing to address the question of whether there were sufficient jobs available in Darran's seasonal employment as a painter to provide an income adequate to provide support to his children and whether Darran uses his income to obtain only the bare necessities of life before providing for the support of his children.

¶18 In reversing the District Court for its failure to fully address the requirements of § 42-2-608(1)(c), MCA, the Court ignores the fact that the District Court gave two independent rationales for its conclusion of "unfitness." Although the District Court concluded that Darran was an unfit parent for not contributing to the support of his children, it also concluded that he was unfit under § 42-2-608(1)(d), MCA, which allows for a finding of unfitness if, "it is proven to the satisfaction of the court that the parent is in violation of a court order to support either the child that is the subject of the adoption proceedings or other children with the same birth mother."

¶19 Darran has not challenged the District Court's conclusion that he was in violation of a court order. The District Court's conclusion that Darran was in violation of an order of support is an independent and sufficient basis for affirming the District

9

Court's decision to terminate parental rights, and I would do so on that basis.

¶20 I would also point out that the Court is incorrect in equating the "one-year" requirement of the 1997 statute, § 42-2-608(1), MCA, with its 1995 predecessor. The 1995 version required proof that the parent had not contributed to the support of the child during "a period of 1 year before the filing of a petition . . . ." As of 1997, the statute now reads, "for an aggregate period of 1 year before the filing of a petition for adoption . . . ." In adding the "aggregate" language, I suggest that the 1997 legislature has opened the door to the tacking of time periods together to total a year's arrearage. This is in contrast to the prior requirement of a continuous chronological one-year period. Since the Court does not reach the one-year issue, it should not unnecessarily confuse this issue with dicta.

/S/ W. WILLIAM LEAPHART

Justice Jim Rice joins in the foregoing dissent of Justice Leaphart.

/S/ JIM RICE