No. 04-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 145

IN RE THE ADOPTION OF C.W.D.
and C.D.D., Minors,

D.J.R.,

        Petitioner and Respondent.

    v.

P.K.D.,

        Respondent and Appellant,


APPEAL FROM:    District Court of the Fifth Judicial District,
                       In and For the County of Jefferson, Cause No. DA-03-0089
                       Honorable Loren Tucker, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

           P.K.D., *pro se*, Helena, Montana

       For Respondent:

           Brad L. Belke, Attorney at Law, Butte, Montana


                       Submitted on Briefs:  May 24, 2005

                                Decided:  June 7, 2005

Filed:

              _____
                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     P.K.D. appeals from the order of the Fifth Judicial District Court, Jefferson County, granting D.J.R.'s petition to terminate P.K.D.'s parental rights to his children, C.W.D. and C.D.D. We affirm.

¶2     The issue on appeal is whether the District Court erred in granting the petition to terminate P.K.D.'s parental rights.

BACKGROUND

¶3     P.K.D. and E.D.R. were married in August of 1996, and had two children together, C.W.D. and C.D.D. The marriage was dissolved by order of the Second Judicial District Court, Silver Bow County, on July 27, 2001. In its dissolution order, the Second Judicial District Court reserved its determination regarding a final parenting plan and child support matters pending receipt of a report from the guardian ad litem involved in the case and ordered that the interim parenting plan would remain in effect in the meantime. It appears that the interim parenting plan designated E.D.R. as the children's primary residential custodian, but did not provide for payment of any child support by either party. No further action was taken in the dissolution proceeding and, as a result, the Second Judicial District Court has never entered an order requiring either P.K.D. or E.D.R. to pay child support.

¶4     Shortly after entry of the dissolution order, E.D.R. entered into a common-law marriage with D.J.R. The marriage subsequently was solemnized in June of 2003. On April 4, 2003, D.J.R. petitioned to adopt C.W.D. and C.D.D. The petition alleged that D.J.R. was

2

the children's stepfather and that their mother, E.D.R., had filed a written consent to the adoption. The petition also alleged that P.K.D. did not consent to the adoption, but that his parental rights should be terminated for failure to provide support for the children. In conjunction with the adoption petition, D.J.R. also petitioned the District Court to terminate P.K.D.'s parental rights to the children pursuant to § 42-2-608(1)(c), MCA, based on the allegation that P.K.D. was unfit to parent in that, although able to do so, he had failed to contribute to the children's support for an aggregate period of one year prior to the filing of the termination petition. P.K.D. responded to both petitions, denying the allegations that he was able, and had failed, to provide support for the children and generally denying the allegations of the adoption petition.

¶5     The District Court held a hearing on the petition to terminate on March 31, 2004, following which it entered its findings of fact, conclusions of law and order terminating P.K.D.'s parental rights to C.W.D. and C.D.D. P.K.D. appeals from the District Court's order terminating his parental rights.

STANDARD OF REVIEW

¶6     In reviewing a district court's termination of parental rights pursuant to § 42-2-608, MCA, we review the court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *In re Adoption of C.R.N.*, 1999 MT 92, ¶ 7, 294 Mont. 202, ¶ 7, 979 P.2d 210, ¶ 7. The termination of parental rights involves a fundamental liberty interest and, consequently, an order purporting to terminate parental rights must be supported by clear and convincing evidence. *Adoption of C.R.N.*, ¶ 7.

3

DISCUSSION

¶7 Did the District Court err in granting the petition to terminate P.K.D.'s parental rights?

¶8 Generally, a child may not be adopted without the written consents of both birth parents. *See* § 42-2-301, MCA. However, written consent to adoption is not required from a parent whose parental rights have been judicially terminated. Section 42-2-302(1), MCA. Parental rights to a child may be judicially terminated by a variety of means, including the granting of a petition for termination based on a court's determination that the parent is unfit. Sections 42-2-607(2) and -608, MCA.

¶9 Here, D.J.R. asserted in the District Court that P.K.D.'s parental rights to the children should be terminated for unfitness and, if P.K.D.'s parental rights were terminated, his consent to the adoption was not required. D.J.R. based his allegation that P.K.D. was unfit on § 42-2-608(1)(c), MCA, which authorizes a district court to terminate a person's parental rights for purposes of making a child available for adoption if "it is proven to the satisfaction of the court that the parent, if able, has not contributed to the support of the child for an aggregate period of 1 year before the filing of a petition for adoption." D.J.R. asserted that, although P.K.D. was able to do so, he had not contributed to the support of his children at all between the time of the dissolution of his marriage to E.D.R. in July of 2001, and the filing of the petition for adoption approximately 21 months later.

¶10 In its order terminating P.K.D.'s parental rights, the District Court found that, from April 1, 2000, through April 4, 2003, P.K.D. provided no support for his children except

4

during a brief period in which he provided in-kind support contributions by providing food and shelter when the children visited him on several occasions. These visits ceased more than one year before the adoption petition was filed. The court further found that the only payments P.K.D. made for support, medical bills and medical insurance for the children occurred after the adoption petition was filed on April 4, 2003. Additionally, the court found that P.K.D. has been employed full-time by the United States government since July 1, 2002, and had been employed on a part-time basis prior to that date while he was attending school. Based on these findings, the District Court concluded that P.K.D. was able to support his children for an aggregate period in excess of one year immediately preceding the date on which the adoption petition was filed, but failed to do so. Consequently, the court further concluded that, pursuant to § 42-2-608(1)(c), MCA, P.K.D. was unfit to be a parent. Therefore, the court ordered the termination of P.K.D.'s parental rights to his children. P.K.D. asserts that the District Court's conclusion that he was able to provide support for his children is erroneous.

¶11 P.K.D. does not dispute that he failed to provide support for his children for an aggregate period of one year prior to the filing of the adoption petition on April 4, 2003. Nor does he dispute that, during the nine-month period between July 1, 2002, and April 4, 2003, he was employed full-time and had the ability to provide support for his children. He asserts, however, that D.J.R. failed to establish by clear and convincing evidence that he was able to provide support during any period prior to July 1, 2002, and, therefore, failed to establish his inability to provide support for an aggregate one-year period as required by § 42-2-

5

608(1)(c), MCA. P.K.D. contends that, prior to July 1, 2002, he was a full-time college student and did not have sufficient funds to be "able" to provide support for his children.

¶12 We focus, therefore, on whether the record contains evidence that P.K.D. failed to provide support for the children although able to do so during any three months prior to July of 2002, to establish the aggregate one-year period required by § 42-2-608(1)(c), MCA. In that regard, P.K.D. testified that, in the year prior to July of 2002, he had been a full-time college student and, while attending school, he received loans and grant money which paid for his housing, food and school costs. P.K.D. also testified, however, that between March of 2001 and April of 2002, while attending college, he worked part-time for the Montana Bureau of Mines and Geology. This earned money was over and above the grants and loans which paid for his housing, food and school costs. P.K.D. testified that he did not use any of the money earned from his part-time employment to pay support for his children.

¶13 We have held that, in determining whether a parent was able to contribute to the support of a child, a district court must consider various factors including the parent's ability to earn income, the parent's willingness to earn an income and support the child, the availability of employment and the parent's use of funds to provide himself only with the bare necessities before contributing to the support of the child. *Adoption of C.R.N.*, ¶ 15. P.K.D.'s testimony regarding his part-time employment while attending college establishes that he had the ability and willingness to earn income and that employment was available. His testimony also establishes, however, that he was unwilling to use that income to support his children. His grants and loans provided him with the bare necessities of housing and

6

food, in addition to paying the costs of his education. He did not use the additional monies from his part-time employment to contribute toward the support of his children.

¶14    We conclude that the District Court's determination that P.K.D. was able to provide support for his children during an aggregate one-year period prior to the filing of the petition for adoption is correct. As a result, we further conclude that the District Court correctly determined that P.K.D. was unfit to parent pursuant to § 42-2-608(1)(c), MCA, because he failed to contribute to the support of his children for an aggregate period of one year before the filing of the petition for adoption although he had the ability to do so. We hold, therefore, that the District Court did not err in granting the petition to terminate P.K.D.'s parental rights.

¶15    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE