FILED

06/03/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0702

DA 24-0702

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 116

IN THE MATTER OF:

B.J.B.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DN 21-299
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Shannon Hathaway, Hathaway Law Group, Missoula, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

     Scott Twito, Yellowstone County Attorney, Heather Webster,
Deputy Chief County Attorney, Billings, Montana

Submitted on Briefs:  April 30, 2025

Decided:  June 3, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 K.B. (Mother) appeals from the November 25, 2024 order of the Thirteenth Judicial District Court, Yellowstone County, terminating Mother's parental rights to B.J.B. (Child).[1] Mother asserts the Department failed to prove by clear and convincing evidence that termination of Mother's parental rights was in Child's best interest as the District Court did not terminate Father's parental rights. She asserts that the District Court's decision to not terminate Father's parental rights impacted whether termination of her parental rights was truly in Child's best interests and asserts the District Court's reliance on the length of time the case had been pending in its decision to terminate her parental rights was misplaced due to its decision not to terminate Father's parental rights. The Department of Public Health and Human Services, Child and Family Services Division (the Department), counters that Mother and Father's parental rights are separate and distinct and nothing in the termination of parental rights statutes precluded the District Court from terminating only Mother's parental rights.

¶2 We restate the issue on appeal as follows:

*Whether the District Court abused its discretion when it concluded it was in Child's best interests that Mother's parental rights be terminated when it simultaneously determined that the Department needed to continue to make reunification efforts between Child and Father.*

¶3 We affirm.

---

[1] It is noted that Mother has a companion case, Cause No. DA 24-0703, *In re P.E.W.*, also pending before this Court. We have not consolidated Mother's appeal in these causes and a separate opinion will be issued in that case.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On November 3, 2021, based on physical neglect of Child secondary to Mother's ongoing drug use, the Department petitioned for Emergency Protective Services (EPS), Adjudication as a Youth in Need of Care (YINC), and Temporary Legal Custody (TLC) as to Child, then five years old. At the time, Child was already living with the paternal grandmother.[2] Following adoption of Mother's treatment plan—requiring her to resolve substance use, domestic violence issues, and income instability—and extensions of temporary legal custody, on February 7, 2024, the Department petitioned for termination of Mother's parental rights on the basis Mother had failed to successfully complete her court-ordered treatment plan pursuant to § 41-3-609(1)(f), MCA. A contested termination hearing was held on April 22, 2024, and July 16, 2024. On November 25, 2024, the District Court issued its written order terminating Mother's parental rights to Child but denying, without prejudice, the Department's petition to terminate Father's parental rights.

## STANDARD OF REVIEW

¶5 We review a court's decision to terminate parental rights for abuse of discretion—whether the court acted arbitrarily, without conscientious judgment, or exceeded the bounds of reason, resulting in substantial injustice. *In re A.S.*, 2016 MT 156, ¶ 11, 384 Mont. 41, 373 P.3d 848. "In this context, a court errs and abuses its discretion if it terminates parental rights based on clearly erroneous findings of fact, erroneous conclusions of law, or otherwise acts arbitrarily, without employment of conscientious

---

[2] This placement ultimately could not be sustained and the Child was later placed into non-kinship foster care.

judgment, or exceeds the bounds of reason resulting in substantial injustice." *In re L.D.*, 2018 MT 60, ¶ 10, 391 Mont. 33, 414 P.3d 768 (citation and internal quotation marks omitted). We review a district court's findings of fact for clear error and its conclusions of law for correctness. *In re M.V.R.*, 2016 MT 309, ¶ 23, 385 Mont. 448, 384 P.3d 1058.

## DISCUSSION

¶6    In its petition for termination, the Department set forth an exhaustive list of Mother's struggles since commencement of the case. The case was initiated due to neglect secondary to Mother's drug use. Throughout the over three-year period between commencement of the case and the District Court's termination of her parental rights, Mother exhibited an ongoing, repetitive cycle related to substance abuse—chemical dependency evaluation, initial engagement with treatment, resistance to treatment, disengagement with treatment, and relapse. Although Mother participated in various chemical dependency treatments—Family Recovery Court, in-patient treatments, and out-patient treatments—she has never shown an ability to maintain longer periods of sobriety followed by shorter periods of relapse that would be reasonably expected to show improvement in addressing her substance use disorder, the primary presenting impediment to her successful parenting. During periods of disengagement, Mother was inconsistent with and missed visitations, tested positive for methamphetamines and amphetamines or missed UAs, engaged in an unhealthy relationship involving domestic violence, demonstrated housing instability—by removal from various treatment programs and sober living facilities resulting in homelessness and instability to Child—and demonstrated employment instability. Mother "does not challenge the factual findings regarding her

struggles" but rather disputes the legal conclusion that termination was in Child's best interests given that the District Court did not simultaneously terminate Father's parental rights.

¶7 A court may terminate parental rights when (1) a child has been adjudicated as a YINC; (2) an appropriate treatment plan approved by the court has not been complied with by the parent or has not been successful; and (3) the conduct or condition of the parent rendering the parent unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. Each factor must be supported by clear and convincing evidence. Section 41-3-609(1), MCA. In determining whether the conduct or condition of the parent is likely to change within a reasonable time, "the court shall enter a finding that continuation of the parent-child legal relationship will likely result in continued abuse or neglect or that the conduct or the condition of the parent[] renders the parent[] unfit, unable, or unwilling to give the child adequate parental care." Section 41-3-609(2), MCA. In making this determination, the court must at least consider the criteria set forth in § 41-3-609(2)(a)-(d), MCA—"(a) emotional illness, mental illness, or mental deficiency of the parent of a duration or nature as to render the parent unlikely to care for the ongoing physical, mental, and emotional needs of the child within a reasonable time; (b) a history of violent behavior by the parent; (c) excessive use of intoxicating liquor or of a narcotic or dangerous drug that affects the parent's ability to care and provide for the child; and (d) present judicially ordered long-term confinement of the parent."

¶8 The District Court made sufficient findings and conclusions to support its decision to terminate Mother's parental rights under § 41-3-609(1)(f), MCA. Whether a child is

returned to the other parent is not determinative under § 41-3-609, MCA. When the statutory criteria for termination of a parent's parental rights has been met, we have not conditioned affirming the termination only upon the condition that both natural parents' parental rights be terminated. *See In Re M.W.,* 2001 MT 78, 305 Mont. 80, 23 P.3d 206 (upholding termination of father's parental rights but reversing the termination of mother's parental rights); *In re Adoption of C.W.D.,* 2005 MT 145, ¶ 8, 327 Mont. 301, 114 P.3d 214 (noting parental rights to a child may be judicially terminated by a variety of statutory means); *In re A.K.,* 2015 MT 116, 379 Mont. 41, 347 P.3d 711 (affirming father's termination of parental rights and denying his request to dismiss the cause when mother had successfully completed her treatment plan and regained custody of the parties' children). In *In re D.D.,* 2021 MT 66, 403 Mont. 376, 482 P.3d 1176, father brought a similar permanency argument as mother brought here—it is only Child's interest in permanency and being settled which the Department should consider. Here, Mother asserts that permanency for Child was not achievable through Mother's termination so granting her more time while Father worked toward reunification had to be in Child's best interests. In *In re D.D.,* father appealed the termination of his parental rights asserting that since mother had successfully completed her treatment plan and regained custody of the children, the termination of his parental rights was not in the children's best interests as the children had achieved permanency with mother. As such, he sought reversal of the termination of his parental rights and dismissal of the child welfare case—leaving his parenting time to be determined through a parenting plan action. *In re D.D.,* ¶ 15. In upholding the district court's termination of father's parental rights, we noted the district court's consideration

6

of the child protection specialist's detailing of father's conduct and conditions within the framework of § 41-3-609(2)(a)-(d), MCA, and describing his lack of meaningful progress during the entirety of the case. While we agreed with father that it was not the role of the Department to advocate for one parent to circumvent parents' obligations under Title 40, MCA, to establish and enforce their own parenting plan and that the Department could have elected to require mother to obtain a suitable parenting plan, under the circumstances of the case, the Department was not required to do so. We determined father's parenting deficits in considering the criteria of § 41-3-609(2)(a)-(d), MCA, were separate from mother's parenting abilities and also considered the impact of father's parenting deficits on mother's parenting abilities concluding that father's lack of meaningful progress during the entirety of the case supported termination of his parental rights regardless of mother's situation. *In re D.D.*, ¶¶ 17-18.

¶9      Here, Child was adjudicated as a youth in need of care on January 4, 2022. There is no dispute Mother did not successfully complete her court-ordered treatment plan and Mother does not contest the court's factual findings as to her parenting struggles. In determining that the condition rendering Mother unfit to parent is unlikely to change, the District Court considered the criteria of § 41-3-609(2)(a)-(d), MCA. Mother has shown a prolonged history of substance use disorder which has not meaningfully improved despite participation in Family Recovery Court for a time and completion of considerable treatment—both in-patient and out-patient. She has, likewise, engaged in ongoing unhealthy relationships marred by domestic violence and has not shown any sustained ability to provide a safe, stable housing environment suitable for Child. Her instability

resultant from ongoing substance use and relationship volatility has caused considerable disruption and instability for Child with missed and inconsistent visitations and placement in and out of Mother's care. These substantial parenting deficiencies persist and over the three-plus year duration of this case have not improved. It is not in Child's best interests to continue to subject Child to Mother's persistent parenting deficits and turmoil regardless of whether Father is ultimately successful in working his treatment plan and gaining custody of Child. From the record before us, the District Court did not act arbitrarily, without conscientious judgment, or exceed the bounds of reason, resulting in substantial injustice. The record and evidence presented support the District Court's termination of Mother's parental rights under § 41-3-609(1)(f), MCA.

## CONCLUSION

¶10 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE